**Robert M. FOREMSKY, Plaintiff,**

v.

**UNITED STATES STEEL CORPORATION, United Steelworkers of America and Local Union No. 3063, Defendants.**

**Civ. No. 66-843.**

United States District Court
W. D. Pennsylvania.

Aug. 27, 1968.

---

George E. Schumacher, Asst. U. S. Atty., Pittsburgh, Pa., for plaintiff.

Reed, Smith, Shaw & McClay, by Leonard L. Scheinholtz and Jonathan L. Alder, Pittsburgh, Pa., for U. S. Steel Corp.

Alfred E. Lawson, Asst. Gen. Counsel, Pittsburgh, Pa., for United Steelworkers of America and Local No. 3063.

## FINDINGS OF FACT

SORG, District Judge.

1. Plaintiff, Robert M. Foremsky, hereinafter referred to as Foremsky, is an individual residing in Duquesne, Pa.

2. Defendant, United States Steel Corporation, hereinafter referred to as U.S. Steel, is a corporation which maintains a place of business at Homestead, Pa.

3. The defendants, United Steelworkers of America, hereinafter referred to as United Steelworkers, and its Local Union No. 3063, are national and local collective bargaining units which represent plaintiff in his capacity as an employee of U.S. Steel.

4. Foremsky entered the employ of U.S. Steel in March of 1956, as messenger, after having taken the standard pre-employment qualifying tests.

5. He progressed in orderly fashion through the ranks and, on June 6, 1959, acquired a non-temporary position as an Offset Printing Machine Operator at defendant U.S. Steel's Homestead plant.

6. Foremsky held this job classification at the time of his induction into the Armed Services of the United States on August 31, 1961.

7. On September 5, 1963, plaintiff was honorably discharged from the Armed Forces, receiving a certificate to that effect which he presented to the company on September 10, 1963, when he applied for restoration of employment.

8. On September 17, 1963, Foremsky was reemployed as an Offset Printing Machine Operator (hourly), with seniority dating from June 6, 1959.

9. On September 11, 1963, a notice of job opening for Order Coding Clerk was posted for bidding.

10. On October 7, 1963, plaintiff filed two bids for this position and on October 25, 1963, was assigned to this position effective October 13, 1963.

11. It is not disputed that Foremsky's promotion, as well as those of other employees involved in the issue presented here, was made in accordance with the terms of the collective bargaining agreement in effect among the above named defendants.

12. During the period of Foremsky's military service, eight other employees, junior to Foremsky in length of service as Offset Printing Machine Operators, had been similarly promoted to the Order Coding Clerk classification, six of whom are presently listed as prior in seniority to Foremsky in the Order Coding Clerk classification.

13. It is admitted that at the time of the aforesaid promotions, Foremsky was qualified for such promotion from the standpoint of ability and physical fitness, and it is further not disputed that had he bid for a promotion to the Order Coding Clerk classification which became effective for another on April 12, 1962, he would have been qualified therefor under the terms of the relevant collective bargaining agreement among the above named defendants (T.174) which read as follows:

"The parties recognize that promotion opportunity and job security in event of promotions * * * should increase in proportion to length of continuous service, and that in the administration of this Section the intent will be that wherever practicable full consideration shall be given continuous service in such cases.

"In recognition, however, of the responsibility of Management for the efficient operation of the works, it is understood and agreed that in all cases of:

"1. Promotion * * * the following factors as listed below shall be considered; however, only where factors 'a' and 'b' are relatively equal shall length of continuous service be the determining factors;

a. Ability to perform the work,

b. Physical fitness,

c. Continuous service."

"A. DEFINITIONS:

1. *Job Seniority*

" * * * an employee first placed regularly on a given job in the promotional sequence in the unit shall be the first employee promoted from that job in that promotional sequence in the unit, provided, of course, that the factors of ability and physical fitness are relatively equal * * * "

(Offset Printing Machine Operators and Order Coding Clerks are within one unit in which promotional sequence is established.)

14. It is assumed that given the opportunity, Foremsky would have bid for the promotion to Order Coding Clerk which became effective April 12, 1962, and that U.S. Steel, after properly applying the pertinent provisions of the collective bargaining agreement which covered Foremsky, would have given him the promotion on that date.

## QUESTION

U.S. Steel contends that Foremsky's seniority as an Order Coding Clerk properly began on October 13, 1963, the date on which he was actually promoted to that job classification. Foremsky asks that his seniority as Order Coding Clerk be dated from April 12, 1962, the date upon which the first of the above mentioned Offset Printing Machine Operators, junior in seniority to him as such, was promoted to the job of Order Coding Clerk. The United Steelworkers take no position in the matter.

U.S. Steel asserts that the applicable provisions of the Universal Military Training and Service Act afford the same reemployment rights to a returning veteran as to an employee who has been on furlough or leave of absence for reasons other than military service and that the act of bidding and the exercise of managerial discretion are conditions precedent to a promotion and are not automatic with respect to persons on leave of absence. Foremsky, on the other hand, maintains that he is entitled to the same seniority benefits that he would have acquired had he remained in his employment continuously from the time of his entering the Armed Forces to the time of his restoration.

The sole question, therefore, is Foremsky's entitlement vel non of a retroactive seniority status by virtue of his veteran's reemployment rights as distinguished from the rights of an employee returning from a leave of absence other than for military service.

The pertinent provisions of the Universal Military Training and Service Act

pertaining to the reemployment rights of veterans, 50 U.S.C.A.App. § 459, are as follows:

"Sec. 9. (b) In the case of any such person who, in order to perform such training and service, has left or leaves a position (other than a temporary position) in the employ of any employer and who (1) receives such certificate, and (2) makes application for reemployment within ninety days after he is relieved from such training and service or from hospitalization continuing after discharge for a period of not more than one year—

(B) if such position was in the employ of a private employer, such person shall—

(i) if still qualified to perform the duties of such position, be restored by such employer or his successor in interest to such position or to a position of like seniority, status, and pay; * * *

(c) (1) Any person who is restored to a position in accordance with the provisions of paragraph (A) or (B) of subsection (b) [of this section] shall be considered as having been on furlough or leave of absence during his period of training and service in the armed forces, shall be so restored without loss of seniority, shall be entitled to participate in insurance or other benefits offered by the employer pursuant to established rules and practices relating to employees on furlough or leave of absence in effect with the employer at the time such person was inducted into such forces, and shall not be discharged from such position without cause within one year after such restoration.

(2) It is hereby declared to be the sense of the Congress that any person who is restored to a position in accordance with the provisions of paragraph (A) or (B) of subsection (b) [of this section] should be so restored in such manner as to give him such status in his employment as he would have enjoyed if he had continued in such employment continuously from the time of his entering the armed forces until the time of his restoration to such employment."

## CONCLUSIONS OF LAW

1. The above action was timely brought and this court has jurisdiction over the subject matter.

2. It is proper to assume that all conditions precedent to promotion with respect to bidding would have been met by Foremsky, but for his absence in military service.

3. Under the evidence, had he bid, Foremsky would have acquired the rights of a senior bidder having the requisite relative ability and physical fitness to qualify for promotion to the position of Order Coding Clerk.

4. It is proper to presume that U.S. Steel would have complied with the terms of its collective bargaining agreement, and would have granted promotion to the qualified senior bidder.

5. Foremsky is entitled to the seniority rights he would have acquired had his employment not been interrupted by military service.

" * * * he [the veteran] does not step back on the seniority escalator at the point he stepped off. He steps back on the precise point he would have occupied had he kept his position continuously during the war."

"This legislation is to be liberally construed for the benefit of those who left private life to serve their country in its hour of great need. See Boone v. Lightner, 319 U.S. 561, 575, 63 S.Ct. 1223, 1231, 87 L.Ed. 1587. And no practice of employers or agreements between employers and unions can cut down the service adjustment benefits which Congress has secured the veteran under the Act. Our problem is to construe the separate provisions of the Act as parts of an organic whole and give each as liberal a construction for the benefit of the veteran as a harmonious interplay of the separate provisions permits." (Fishgold v. Sulli-

van Drydock & Repair Corp., 328 U.S. 275 at 285, 66 S.Ct. 1105 at 1111, 90 L.Ed. 1230 (1946)).

"It would be virtually impossible for a veteran to show, as the Court of Appeals would require, that it was absolutely certain, 'as a matter of foresight' when he entered military service, that all circumstances essential to obtaining an advancement in status would later occur. To exact such certainty as a condition for insuring a veteran's seniority rights would render these statutorily protected rights without real meaning. As Benjamin Franklin observed, 'In this world nothing is certain but death and taxes.' In every veteran seniority case the possibility exists that work of the particular type might not have been available; that the veteran would not have worked satisfactorily during the period of his absence; that he might not have elected to accept the higher position; or that sickness might have prevented him from continuing his employment. In light of the purpose and history of this statute, however, we cannot assume that Congress intended possibilities of this sort to defeat the veteran's seniority rights. 'This legislation,' the court said in Fishgold v. Sullivan Drydock & Repair Corp., supra, 328 U.S., at 285, 66 S.Ct., at 1111, 'is to be liberally construed for the benefit of those who left private life to serve their country * * *.' So construed, we conclude that Congress intended a reemployed veteran who, upon returning from military service, satisfactorily completes his interrupted training, to enjoy the seniority status which he would have acquired by virtue of continued employment but for his absence in military service. This requirement is met if, as a matter of foresight, it was reasonably certain that advancement would have occurred, and if, as a matter of hindsight, it did in fact occur." (Tilton v. Missouri Pacific Railroad

Company, 376 U.S. 169, 84 S.Ct. 595, 11 L.Ed.2d 590 (1964)).

An appropriate order will be entered.

## ORDER

And now, this 27th day of August, 1968, after hearing and in accordance with the foregoing Findings of Fact and Conclusions of Law, it is hereby ordered that judgment be entered in favor of the plaintiff, and that United States Steel Corporation award to the plaintiff, Robert M. Foremsky, a seniority date from April 12, 1962, with respect to his position as Order Coding Clerk, Job Class 4 salaried, and that he be so listed on the appropriate seniority roster of the said corporation's employees.